J-S32029-18 & J-S32030-18

2018 PA Super 302

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT ALLEN SHREFFLER | : | |
| | : | |
| Appellant | : | No. 1375 MDA 2017 |

Appeal from the Judgment of Sentence May 26, 2017
in the Court of Common Pleas of Mifflin County
Criminal Division at No.:  CP-44-CR-0000247-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT ALLEN SHREFFLER | : | |
| | : | |
| Appellant | : | No. 1376 MDA 2017 |

Appeal from the Judgment of Sentence May 26, 2017
in the Court of Common Pleas of Mifflin County
Criminal Division at No.:  CP-44-CR-0000250-2016

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

CONCURRING OPINION BY PLATT, J.:   **FILED: NOVEMBER 5, 2018**

Because the Commonwealth failed to obtain an order unsealing the memorandum of consent and approval, the court order authorizing the in-home interception, and the affidavit of probable cause, as required by 18 Pa.C.S.A. § 5704(2)(iv), I concur in the result.  I believe it unnecessary to

_____
*   Retired Senior Judge assigned to the Superior Court.

address the additional provisions of the Wiretap Act set forth in the learned Majority Opinion. The Act itself, at 18 Pa.C.S.A. § 5721.1(b)(5) and (6), limits a motion to exclude in one-party in-home consents to claims that: "the consent to the interception was coerced by the Commonwealth" and "the interception was made without prior procurement of a court order or without probable cause." 18 Pa.C.S.A. § 5721.1(b)(5), (6).[1]

Implicit in the Majority Opinion and this Concurrence is the requirement that, on remand, the Commonwealth move to unseal these documents, and provide them to Appellant's counsel. Appellant also should be given an opportunity to amend his motion to suppress, based on anything revealed in this discovery, and, a new suppression hearing should be held, if required.

I agree that, by failing to provide discovery, the Commonwealth prejudiced Appellant in his ability to challenge the probable cause requirement for the wiretap, thus necessitating that we vacate his sentence and remand. Accordingly, I respectfully concur in the learned Majority's disposition.

---

[1] In **Commonwealth v. Fetter**, 770 A.2d 762 (Pa. Super. 2001), this Court observed that "18 Pa.C.S.[A.] § 5704 is not subject to other sections of the Wiretap Act, unless specifically enumerated; instead, it lists exceptions to the generally stringent requirements for wiretaps when the interception occurs at the direction of a law enforcement officer and one party voluntarily consents to the interception." **Fetter**, **supra** at 766.